WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union Inc.,<br><br>    Defendant. | No. CV 11-2105-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Defendant Trans Union LLC's Motion to Dismiss (Doc. 4). The Court now rules on the Motion.

**I. BACKGROUND**

  On September 30, 2011, Plaintiff pro se filed a Complaint in Maricopa County Superior Court against Trans Union Inc. On October 26, 2011, Defendant removed the case to this Court based on diversity jurisdiction. Thereafter, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. 4). Plaintiff did not file a Response.

**II. LEGAL STANDARD**

  To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

  Although a complaint attacked for failure to state a claim does not need detailed

factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding pro se, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state facts sufficient to support a claim for relief. The sole facts alleged in Plaintiff's Complaint are as follows:

> Due to the way [Defendant] does [its] practice I have sent [a] letter asking them to remove all these claims. I have asked them for proof. My signature showing that I punched all these items they claim I owed money on but they have refuse[d] to do anything but harm my credit with all the compan[ies] I have applied [for] credit with.

(Doc. 1-1).

Defendant construes this as alleging a Fair Credit Reporting Act claim and asserts that Plaintiff must allege the specific inaccurate information that was included on his credit report. The Court agrees. To raise his right to relief above the speculative level, Plaintiff must allege facts that would provide Defendants with the grounds for his claims. For instance, if Plaintiff were attempting to assert a claim under the Fair Credit Reporting Act, Plaintiff should include facts in his complaint, such as the inaccurate information on his credit report, when Plaintiff discovered the inaccurate information was being reported, specific details about his attempts to have such information removed from his credit report, and specific details about the companies to which he applied for credit and was denied. Essentially, Plaintiff must set forth the factual "grounds" on which his claims rest. Because Plaintiff has failed to do so, the Court must grant Defendant's Motion to Dismiss. Further, because Plaintiff has failed to respond to Defendant's Motion to Dismiss, such non-response "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i).

### IV. LEAVE TO AMEND

Plaintiff has not requested leave to amend. However, the Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured

- 3 -

by the allegations of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995)).  Because the Court cannot find that Plaintiff's Complaint could not be cured by allegations of other facts, the Court will give Plaintiff an opportunity to amend his Complaint.

### V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended Complaint within 21 days of the date of this Order.  If Plaintiff does not file an amended Complaint, the Clerk of the Court shall dismiss this case with prejudice, without further notice, and enter judgment accordingly.

Dated this 20th day of June, 2012.

James A. Teilborg
United States District Judge